IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| PERFORM GROUP, LLC, | CASE NO. 1:21-bk-01345-HWV |
| Debtor. | CHAPTER 7 |
| STEVEN M. CARR, TRUSTEE, | |
| Movant | |
| v. | |
| PEOPLESBANK, | |
| Respondent | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER APPROVING
STIPULATION RESOLVING LIMITED OBJECTIONS OF PEOPLESBANK, A
CODORUS VALLEY COMPANY, TO: (A) MOTION TO SELL DEBTOR'S
PERSONALTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT
TO 11 U.S.C. §363; AND (B) MOTION TO SELL DEBTOR'S INVENTORY AND
INTELLECTUAL PROPERTY FREE AND CLEAR OF LIENS AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §363**

Upon consideration of the Stipulation Resolving Limited Objections of PeoplesBank, A Codorus Valley Company, to: (A) Motion to Sell Debtor's Personalty Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. §363; and (B) Motion to Sell Inventory and Intellectual Property Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. §363 (the "Settlement Stipulation") by and among Steven M. Carr, Trustee (the "Trustee"), PeoplesBank, A Codorus Valley Company, and the Trustee's advisor, SC&H Group, Inc., resolving: (a) the Limited Objection of PeoplesBank, A Codorus Valley Company to Motion to Sell Debtor's Personalty Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. §363 [Doc 65] (the "Auction Sale Objection"); and (b) the Limited Objection of PeoplesBank, A Codorus Valley Company, to

Motion Sell Inventory and Intellectual Property Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. §363 [Doc 64] (the "IP Sale Objection"), and it appearing that the time for objections to the Trustee's: (a) Motion to Sell Debtor's Personalty Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. §363 [Doc 56] (the "Auction Sale Motion"); and (B) Motion to Sell Inventory and Intellectual Property Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. §363 [Doc 54] (the "IP Sale Motion") has expired and that the Auction Sale Objection and the IP Sale Objection are the only timely objections filed, and it appearing that no further notice is necessary before the Settlement Stipulation is approved because the Auction Sale Motion, the Auction Sale Objection, the IP Sale Motion, and the IP Sale Objection were sufficient to give parties in interest reasonable notice of the material provisions of the Settlement Stipulation prior to the deadline for filing objections to the Auction Sale Motion and the IP Sale Motion, it is

ORDERED that:

1. The Settlement Stipulation be, and it hereby is, approved; and

2. The hearing on the IP Sale Motion is continued to September 21, 2021 at 9:30 A.M.

Dated: September 2, 2021

By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge (CD)

4837-2128-0246, v. 1